09-4106-cr
United States v. Thompson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of September, two thousand eleven.

PRESENT:  DENNIS JACOBS,
                              <u>Chief Judge</u>,
          ROBERT A. KATZMANN,
          DEBRA ANN LIVINGSTON,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          <u>Appellee</u>,

          -v.-                                    09-4106-cr

MARQUIS ESTIMABLE, BREEYAN SCOTT,
          <u>Defendants</u>,

JAMES THOMPSON,
          <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:      Joel N. Krane, Law Office of Joel N.
                    Krane, Rochester, New York.

FOR APPELLEE:       Joseph J. Karaszewski, Assistant United
                    States Attorney, <u>for</u> William J. Hochul,
                    Jr., United States Attorney for the

Western District of New York, Buffalo, New York.

Appeal from a judgment of conviction in the United States District Court for the Western District of New York (Larimer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant James Thompson appeals from a conviction for possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and of possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Thompson challenges his conviction on the grounds that the district court erred in (1) refusing his request to strike a juror for cause; (2) rejecting his challenges under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986); and (3) instructing the jury.

**"**We review a district court's rejection of a defendant's for cause challenge to a juror for abuse of discretion.  Indeed, there are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion, absent clear abuse, than in ruling on challenges for cause in the empaneling of a jury." <u>United States v. Nelson</u>,  277 F.3d 164, 201-02 (2d Cir. 2002) (internal quotation marks, citations, and alterations omitted)**.**  When, as here, a juror is challenged for actual bias, the district judge has broad discretion because a finding of actual bias "is based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province."  <u>Wainwright v. Witt</u>, 469 U.S. 412, 428 (1985).

The potential juror had been the subject of an apparent attempted car jacking five years earlier.  Because the juror evinced no sign of bias, and because she expressed confidence that she could be fair and impartial, the fact that the two would-be car thieves were the same race as Thompson is insignificant.  In any event, the potential juror did not end up on the jury that convicted Thompson,

and without establishing that the resulting jury was not impartial, Thompson cannot show that he was prejudiced.  See United States v. Rubin, 37 F.3d 49, 54 (2d Cir. 1994).

A trial court's determination under Batson as to whether a peremptory challenge was made with discriminatory intent is a factual determination that should be set aside only if "clearly erroneous."  Hernandez v. New York, 500 U.S. 352, 369 (1991).

The district court's rejection of Thompson's two Batson challenges was not clearly erroneous.  The non-discriminatory rationales offered by the government-- negative experience with police and lack of attentiveness and interest during voir dire--are well-recognized in this Circuit.  See United States v. Rudas, 905 F.2d 38, 41 (2d Cir. 1990) ("The Government had a basis for believing that Colon might be prejudiced against law enforcement officers and thus not be an impartial juror."); id. ("[T]he Government's concern about a juror's inattentiveness is a good reason for its exercising a peremptory challenge."); see also United States v. White, 552 F.3d 240, 252 (2d Cir. 2009) ("[T]he government's concern about a juror's inattentiveness or angry demeanor constitutes an acceptable reason for the exercise of a peremptory challenge."); Brown v. Kelly, 973 F.2d 116, 121 (2d Cir. 1992) ("An impression of the conduct and demeanor of a prospective juror during the *voir dire* may provide a legitimate basis for the exercise of a peremptory challenge.").

Next, Thompson advances several claims of error as to the district court's jury instructions.  We review the propriety of jury instructions de novo, bearing in mind that "[r]eversal is required only if the instructions, viewed as a whole, caused the defendant prejudice."  United States v. Naiman, 211 F.3d 40, 50-51 (2d Cir. 2000).  The district court did not err.  Thompson argues that, as to joint and sole possession, the district court instructed the jury that it was *required* to find some form of possession.  Not so; the court emphasized repeatedly that the Government was required to prove possession beyond a reasonable doubt. Contrary to Thompson's other assertions on appeal, the court: appropriately instructed the jury that proximity to the narcotics at issue was but one factor in determining

3

whether Thompson possessed those narcotics, <u>cf.</u> <u>United States v. Rios</u>, 856 F.2d 493, 496 (2d Cir. 1988); made no error in instructing the jury as to reasonable doubt, having emphasized that the jury could find reasonable doubt based on a lack of evidence; and properly instructed that the jury was not to consider the validity of the search warrant for Thompson's Cadillac, <u>see, e.g.</u>, <u>Untied States v. Lustig</u>, 163 F.2d 85, 88 (2d Cir. 1947) (observing that "where property seized under a search warrant [i]s offered in evidence against a defendant, the question whether it [i]s admissible [i]s one for the court, and not for the jury"), or in instructing the jury as to aiding and abetting liability, <u>see</u> <u>Untied States v. Mucciante</u>, 21 F.3d 1228, 1234 (2d Cir. 1994) ("[I]t is well established that a trial judge may properly give an aiding and abetting instruction even if the indictment does not expressly charge a violation of 18 U.S.C. § 2.").

Finally, though Thompson adverts briefly on appeal to the testimony of a government witness that she had identified Thompson in a "mug shot," he raises this argument only in passing and without citation to a single case or articulation of the basis for this claim of error. But "[i]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." <u>Tolbert v. Queen's Coll.</u>, 242 F.3d 58, 75 (2d Cir. 2001) (internal quotation marks omitted). Under such circumstances, we decline to address this argument.

We have considered Thompson's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of conviction is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4